UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LARKIN DEVELOPMENT CORP.            CIVIL ACTION NO. 16-cv-0207

VERSUS                              JUDGE HICKS

LLOYD LOE HORNBUCKLE, ET AL         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Larkin Development Corporation, a Louisiana company, entered into a contract to build a home in Shreveport for a Louisiana trust, with the expectation that the beneficiary of the trust would reside in the home. A contractual dispute developed during construction, and Larkin filed suit in a Louisiana state court.

The proper defendant in a suit against a trust is the trustee, so Larkin named as defendant the Louisiana citizen it (wrongfully) believed to be the trustee.  The trustee was actually a different Louisiana citizen.  The trust and its attorneys did not inform Larkin of the identity of the actual trustee.  They instead quickly appointed a substitute trustee, who is said to be a citizen of Texas, and advised Larkin's counsel that Larkin should amend its complaint to name the proper trustee.  Larkin did so, and the Texas trustee promptly removed the case based on an assertion of diversity jurisdiction.

Larkin filed a Motion to Remand (Doc. 21), but it has not yet been fully briefed due to delays for related discovery and the filing of Larkin's Motion for Leave to File Third

Amended Petition (Doc. 38).  The court agreed to take no action on the motion to remand, or a pending motion to dismiss, until the motion for leave to amend was resolved.  Doc. 36. For the reasons that follow, the **Motion for Leave to File Third Amended Petition (Doc. 38) is denied**.  The court will set a briefing schedule for the motion to remand, and other issues noted by the court, at the end of this ruling.

**Relevant Facts**

Charlton Holmes executed a trust instrument in January 1997 that created the Paige Holmes Trust.  Keith Hightower was named the trustee.  The beneficiary was Paige Holmes, who  later married and became Paige Holmes McMurry.

Larkin Development and the Paige Holmes Trust entered into a construction services agreement in March 2013 for the construction of a home in the Esplanade neighborhood in Shreveport.   The agreement was signed by Paige Holmes McMurry as "authorized representative" for the trust.  Larkin represents that Ms. McMurry made all decisions relevant to the construction, and Keith Hightower signed checks that were given in payment on the contract.

The relationship soured in December 2015.  Attorney Robert Kennedy sent a letter to Larkin and advised that his firm represented Ms. McMurry and that she deemed the contract terminated because of Larkin's failures to perform.  The letter did not mention the trust.

Larkin soon filed this civil action in state court on December 30, 2015.  The petition named as defendant Paige Holmes McMurry, as trustee of the trust.  Larkin states that it now knows that the actual trustee at the time was Keith Hightower.

The trust agreement created a three-person committee with authority to remove a trustee and appoint a successor trustee.  The committee gathered on January 8, 2016, just a few days after Larkin filed this suit, and voted to appoint Mark Johnson to replace a deceased member.  Johnson, along with Sidney E. Cook, Jr. and Thomas Simms, signed a one-sentence document that removed Keith Hightower (a Louisiana citizen) as the trustee and appointed Lloyd Loe Hornbuckle as successor trustee.  The document stated that Hornbuckle was a resident of Dallas, Texas, and had a permanent mailing address in Dallas.  Hornbuckle signed a document dated January 15, 2016 to accept the appointment.

On the same day Hornbuckle accepted the appointment, attorney Robert Kennedy sent a letter to counsel for Larkin and advised that McMurry was not the trustee.  The letter advised that the correct trustee was Loe Hornbuckle.  The letter did not mention that Keith Hightower had been the trustee at the time suit was filed.  The letter suggested that Larkin should amend its petition to name Hornbuckle as the correct trustee.  Counsel for Larkin responded that he was inclined to agree based on the representations in the letter, and he requested a copy of the trust instruments.  Counsel for Ms. McMurry did not provide the documents.

Ms. McMurry soon filed in state court an answer and a motion for summary judgment that sought her dismissal on the grounds that she was not the trustee of the trust.  Larkin filed a first amended petition three days later and added as defendant Loe Hornbuckle in his capacity as trustee.  The amended petition maintained Ms. McMurry as a defendant and asserted a claim against her for unjust enrichment.

Hornbuckle then removed the case to this court based on an assertion of diversity jurisdiction.  The notice of removal represented to the court that Hornbuckle "is the trustee of the Paige Holmes Trust" and that "[a]t the time of commencement of this action and at the time of removal, Hornbuckle was a domiciliary of the state of Texas."  Doc. 1, ¶ 3.  Ms. McMurry represented that she was a domiciliary of Louisiana, but she argued that her citizenship should be ignored because (1) she had never been the trustee and (2) she was improperly joined in the suit due to the unjust enrichment claim lacking merit.  Rather than await a possible motion to remand, Ms. McMurry forced a decision on her improper joinder plea by filing a Motion to Dismiss (Doc. 3) that attacked the unjust enrichment claim for failure to state a claim on which relief may be granted.

Larkin filed a second amended complaint (Doc. 15) that alleged that Hornbuckle was actually a domiciliary of Louisiana even though he may be living in Texas.  Larkin stated that, based on representations of counsel for the defendants, Hornbuckle was the proper trustee, but Larkin stated that this was subject to revision after full disclosure of the trust documents and all pertinent facts.  The second amended complaint continued to assert a claim against Ms. McMurry, both on an unjust enrichment claim and as the alleged "de facto trustee" of the trust with respect to the construction contract.

Larkin next filed a Motion to Remand (Doc. 21).  It argued that (1) Hornbuckle was still domiciled in Louisiana at the relevant times, (2) McMurry rather than Hornbuckle is the de facto trustee for purposes of the construction agreement, (3) it is possible that Hightower (Louisiana) was a co-trustee or de facto trustee, and (4) Larkin has a valid claim against

Louisiana citizen McMurry.  The parties were granted leave to engage in discovery to flesh out some of the issues presented by the motions.

Larkin later filed the Motion for Leave to File Third Amended Petition that is now before the court.  Larkin represented that it learned during discovery that Keith Hightower was the actual trustee of the trust at the time the contract was entered and at the time this civil action was filed in state court.  Larkin represents that if all the facts had been known or disclosed, Larkin would have named Hightower as the defendant in the original petition, and there would be no diversity.

**Leave to Amend is Denied**

Federal Rule of Civil Procedure 17(b)(3) provides that the capacity to sue or be sued is determined for parties other than individuals or corporations by the law of the state where the court is located.  The parties agree that under Louisiana law the "trustee of an express trust is the proper defendant in an action to enforce an obligation against a trust estate."  La. C.C.P. art. 742.  Larkin argues that it should be allowed to name Hightower as a defendant because (1) Hightower was the trustee at the time this action was commenced, (2) Hightower should have been named as the defendant in the original petition, and (3) naming Hightower in a third amended petition will relate back to the beginning of this action.  The end result, as Larkin proposes, is that the proper naming of Hightower will retroactively destroy diversity and require remand to state court.

Hornbuckle does not disagree that Hightower was the trustee when the suit was filed, but he argues that it would be futile to name Hightower as a defendant today, long after

Hightower was removed from any authority with respect to the trust.  Hornbuckle adds that if Hightower were added and remand granted, the state court would almost certainly dismiss Hightower on the grounds that he is no longer a proper defendant, whereupon Larkin would have to name the current trustee (Hornbuckle), and Hornbuckle would once again remove the case, which could lead to more of the same in manner of Sisyphus.

Leave to amend is ordinarily freely granted, but amendments should not be allowed when the proposed amendment would be futile, which is the case when the proposed amendment would fail to state a claim upon which relief could be granted. Stripling v. Jordan Production Co., 234 F.3d 863, 873 (5th Cir. 2000).

It does not appear that Larkin really wants to assert a current claim against Hightower as trustee, as Larkin well knows that it could not obtain any relief from the trust by naming as defendant a former trustee.  Larkin's real argument is that the trust principals pulled a fast one, manipulated the citizenship of the trust, and the case should be remanded rather than reward those manipulations.  There may be a means to achieve what Larkin seeks, but the current motion to amend is not the proper vehicle.  The undersigned finds that it would be futile to name the former trustee as the trust-defendant at this time, so the Motion for Leave to File Third Amended Complaint (Doc. 38) is denied.

**Briefing of Other Remand Issues**

### A. Introduction

Larkin's Motion to Remand has not yet been briefed, and the resolution of the proposed amendment puts the motion back on the front burner.  In reviewing the record, the

court notes some other remand-related issues that should be addressed during that briefing. Those issues will be summarized below.

**B. Citizenship When Suit Was Filed**

The first issue is that there does not appear to have been diversity at the time this suit was filed in state court.  "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).   "[A] long line of authority supports the proposition that when diversity of citizenship is the basis of removal, diversity must exist not only at the time the action was filed in the state court, but also at the time the case is removed to federal court." Wright & Miller, 14B  Fed. Prac. & Proc. Juris. § 3723 (4th ed.).  "Thus, if, after filing its complaint in state court, the plaintiff changed its citizenship so that it became diverse from each defendant at the time of removal to federal court, removal nonetheless would be improper." Id.  "The purpose of requiring diversity to exist at both times apparently is to prevent a non-diverse defendant from acquiring a new domicile after commencement of the state court suit and then removing on the basis of the newly created diversity of citizenship." Id. See Tyler v. Bonaparte's Fried Chicken, Inc., 610 F.Supp. 58 (M.D. La. 1985) (post-suit corporate merger that changed defendant's citizenship and created diversity did not permit removal).

At the time this suit was filed in state court, Larkin (a Louisiana citizen) mistakenly named as defendant Ms. McMurry, a Louisiana citizen, as the trustee of the trust.  The actual trustee at that time was Keith Hightower; he was also a Louisiana citizen.  If one were to

consider the trust itself to have been the defendant, it would have been a Louisiana citizen because its trustee (Hightower) was a Louisiana citizen.  Lake Bistineau Royalty Co., LLC v. Chesapeake Louisiana, LP, 2015 WL 6114476 (W.D. La. 2015).  Thus, it appears that there was no scenario inside or outside of the pleadings that existed at the time this suit was filed that created diversity of citizenship.

### C. Manipulation of Jurisdiction

It is only because the attorneys and principals associated with the trust quickly removed Hightower after 20 years as trustee and replaced him with Hornbuckle that there is any potential for diversity of citizenship.  That presents the second issue that the parties should address in their briefs, if they do not agree that the first issue requires remand.

Congress has provided that a "district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."  28 U.S.C. § 1359.  Courts have applied this statute and related principles to recognize the authority of federal courts to protect their own jurisdiction. The Fifth Circuit has stated that "jurisdictional rules may not be used to perpetrate a fraud or ill practice upon the court by either improperly creating or destroying diversity jurisdiction."  Grassi v. Ciba-Geigy, Ltd., 894 F.2d 181, 185 (5th Cir. 1990), quoting Panalpina Welttransport GMDH v. Geo Source, Inc., 764 F.2d 352, 355 (5th Cir. 1985).  The court may examine the motives underlying a transaction and disregard it if it is found to have been made principally to manipulate jurisdiction. Id.

Before a 1988 amendment to the diversity statute, the citizenship of a minor or estate was that of its representative.  Under the old law, many parties tried to create or destroy diversity of citizenship by appointing representatives from various states.  The courts at first allowed many such manipulations, but they eventually held that the courts could inquire into the motive behind an appointment and ignore it if, even though in proper form under state law, it was lacking in substance and done for the purpose of creating diversity jurisdiction. See, e.g., Bianca v. Parke-Davis Pharmaceutical, 723 F.2d 392 (5th Cir. 1984); Bass v. Texas Power & Light Co., 432 F.2d 763 (5th Cir. 1970).  It appears, at least on the surface, that the change of trustee in this case may have been motivated by a desire to create diversity of citizenship rather than another good faith purpose.

### D. Briefing Schedule

The parties are directed to address these issues in their briefs related to the Motion to Remand, and they should present any evidence relevant to the motives surrounding the appointment of Hornbuckle as trustee.  Defendants will be allowed until **December 21, 2016** to file their opposition to the Motion to Remand.

Larkin will be allowed 14 days from the filing of the opposition to file a reply memorandum.  Because the court has presented new issues to be briefed, Larkin is granted leave in advance to exceed the 10-page reply brief limit and file a brief of up to 25 pages.

### E. Attorney Fees

An order remanding a case may require payment of actual expenses, including attorney fees, incurred as a result of the improper removal.  28 U.S.C. § 1447(c); Martin v.

Franklin Capital Corporation, 126 S.Ct. 704 (2005); American Airlines, Inc. v. Sabre, Inc., 694 F.3d 539 (5th Cir. 2012).  Larkin should include in its reply a representation of and any relevant documentation regarding the attorney fees and expenses it has incurred because of this removal.  If the court finds that remand is required, and especially if it finds there has been a manipulation of the jurisdictional facts, it is likely that an award of fees will be imposed to compensate Larkin and deter such conduct.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of December, 2016.

Mark L. Hornsby
U.S. Magistrate Judge